## LUCKETT *v.* GREEN.

### EQUITY; ACCOUNTING.

In a suit in equity involving an accounting between the parties, where the testimony was a mass of inconsistency, utterly irreconcilable, and the only thing in the case at all clear was that prior to the institution of the suit an accounting was had between the parties in which both had acquiesced : *Held*, That such accounting was conclusive of their respective rights.

No. 41.   Submitted June 2, 1893.—Decided September 5, 1893.

HEARING on appeal from a decree of the Supreme Court of the District of Columbia, holding an equity term.   The bill of complaint was filed to procure the cancellation of certain promissory notes, secured by deed of trust upon real estate, on the ground that the notes had been paid, and prayed for an injunction to restrain the consummation of a sale under the deed of trust.   Upon a preliminary hearing the trial justice signed a consent decree vacating the sale. The final decree from which this appeal was taken, declared certain of the promissory notes paid, ordered them to be cancelled and appointed a trustee to release the deed of trust. *Affirmed.*

THE FACTS are sufficiently stated in the opinion.

*Mr. J. H. Adriaans* for the appellants.

*Mr. John Ridout* for the appellee.

Mr. Justice MORRIS delivered the opinion of the court:

This suit was begun by bill in equity for the cancellation of certain promissory notes, alleged to have been paid although outstanding in the hands of the payee, and for an injunction to restrain the consummation of the sale of certain real estate under a deed of trust given to secure the outstanding notes and others.   The original indebtedness, evidenced by five promissory notes, amounted to $305.   Three of the notes are conceded to have been paid.   The controversy is over the other two.

The whole amount in controversy, according to the extreme claim of one side, is the sum of $99.13, which the complainant claims to have paid, and the defendant creditor yet claims to be due.   The cost of the testimony on one side, due in a great measure to needless and protracted cross-examination, is $99.23, or a little in excess of the amount of the claim; and the cost of the whole testimony is $168.98.   The expense of the litigation, in other words, is about double the amount of the claim.   For this there might be some justification if there were any principle involved, or any important question of law to be elucidated.   But there is nothing of the kind.   The testimony is a mass of inconsistency, utterly irreconcilable; and for the confusion in their accounts the parties have no one but themselves to blame.   One thing, however, in the case is sufficiently clear, and that is, that on or about the month of August, 1890, the parties had an accounting between themselves in the office of Mr. Woodbury Wheeler, who acted either as agent and attorney for Susannah Queen, the holder of the notes, or as referee or arbitrator for both parties.   Wheeler found the sum of $27 to be due from the complainant to Mrs. Queen—by what process of accounting it is not now apparent.   And Wheeler subsequently received this amount from the complainant in satisfaction of the indebtedness.

This should have terminated the affair.   It does not appear that Wheeler's finding was objected to by either party.   On the contrary, it seems to have been accepted by both.   That he took a promissory note for the amount, is of no consequence; for the money was paid upon the note, and there was no loss to any one from it.   The same criticism may be made of Mr. Wheeler's course in taking certain other choses in action from Green to be applied upon the indebtedness.   The choses in action were collected, and he received the money for them, and applied it to the use of the creditor.

We are satisfied that the decision of the Supreme Court of the District of Columbia, in special term, was entirely correct, and should be affirmed; and it is accordingly *affirmed, with costs*.